NicholsoN, C. J.,
delivered the opinion of the Court.
In this cause, the bill was dismissed on motion, for want of equity.
The bill alleges that a judgment was rendered at the January Term, 1868, of the Coffee County Circuit Court, in favor of Neal, for the pse of Hickerson, against Gunn and others, for $229. The judgment was rendered, on motion, against Gunn and his securities, .as a Constable, for failure to pay over money collécted. The cause originated before a Justice of the Peace, on the 28th of April, 1860, when the Justice gave judgment in favor of the defendants at law, from which the plaintiff appealed to the Circuit Court. It is alleged that the plaintiff failed to give an appeal bond, or to have the papers carried up to the Circuit Court; or, in any way, to prosecute his appeal in said Court, and that the case was never entered on the docket of the Circuit Court, or noticed on the minutes of 'said Court, until the January Term, 1868, when, in the absence of complainants, who were defendants in said motion, judgment was summarily rendered against them. Complainants insist, that the delay in- bringing up the appeal was an abandonment of the same, and therefore, that the judgment was void.
The answer to this position is, first: that as complainants had knowledge that an’ appeal was prayed and grant *320 ed by the Justice of the Peace, upon the fin: . •: of the appellant to send up the papers, the appellees had the right to take the papers up and have the judgment affirmed; second, where the judgment was rendered against them summarily, and ip their absence, their remedy to obtain redress, and to secure a trial on the merits, by writ of error coram nobis, was clear and unembarrassed.
It is next alleged that the judgment was unjust and inequitable, for the reason that, after the money was collected by the Constable, and before he had an opportunity to pay it over to the plaintiff in the execution, he was served with two garnishments, one from the Chancery Court, and the other from the Circuit Court, for. the purpose of reaching the money in his hands, as the money of Neal, the plaintiff in the execution. It is alleged that Gunn, the Constable, answered both garnishments; and in each Court it was decided that the money in his hands, as an officer, was not liable to attachment by garnishment; from both of which judgments appeals were prayed and obtained to the Supreme Court; but complainants have not learned how the appeals were disposed of. It is alleged that the execution was collected in current bank notes, of the banks of Tennessee, Georgia and Alabama, which were then par funds; and as the Constable did not know to whom to pay the money, he deposited it in his own house; but that in January, 1865, his house was burnt, and the money destroyed by the fire.
Assuming these several allegations to be true, as we must do on the motion to dismiss, the question arises, do they relieve the Constable from his liability for his failure to pay over the money collected? If so, we see no era- *321 barrassment in the way of his having availed himself of the facts stated, upon a trial of the case in the Circuit-Court, to obtain which he had a plain remedy, as already stated, by the writ of error comm nobis.
The decree of the Chancellor is affirmed, with costs.